**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

JAMES W. CAWTHON,              )
                                        )
               Plaintiff,         )
                                        )
                  v.           )       No. 06-4023-SSA-CV-C-WAK
                                        )
JO ANNE B. BARNHART, Commissioner,   )
Social Security Administration,        )
                                        )
               Defendant.    )

**ORDER**

Claimant seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.*  He claims he became disabled beginning on January 26, 2005, due to back pain.  The parties' briefs were fully submitted, and on November 1, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons.  The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'  42 U.S.C. § 423(d)(2)(A) (2003)."  Lewis v. Barnhart, 353 F.3d 642, 645 (8ᵗʰ Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8ᵗʰ Cir. 2000).  The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant James Cawthon was born in 1960 and has a high school education. His work history is sporadic but includes work as a construction laborer and a cable splicer. He was injured in a fall in the 1980's and had back surgery. He was able to return to work at some point following the surgery.

In January 2004, he slipped on some ice and aggravated or reinjured his back. He sought medical treatment, was prescribed pain medication, and participated in physical therapy. He had several MRI's taken, which showed varying degrees of impairment. At least one MRI showed

2

improvement over a previous MRI. Nevertheless, Cawthon started using a cane to walk and had at least one epidural steroid injection.

Dr. Earnest Wallace, claimant's treating physician, completed a medical source statement on June 3, 2005, which indicated claimant could only stand for one hour and sit for two hours in an eight-hour workday. Those activities could be done continuously for fifteen minutes. His form states that claimant's pain is severe and constant and the "MRI confirms herniated disk L5-S1." (Tr. 249.)

The Administrative Law Judge (ALJ) determined (1) claimant's chronic back pain was a severe impairment, but not of listing-level severity; (2) his allegation of a complete inability to work was not credible; and (3) he could not return to his past work, but retained the residual functional capacity to perform sedentary work with certain limitations. The ALJ gave little weight to the medical source statement of Dr. Wallace and gave greater weight to the opinions of Drs. Brahms and Vale. Dr. Wallace was claimant's treating physician while Drs. Brahms and Vale were nontreating physicians who conducted a records review.

Claimant challenges the weight given to the opinion of his treating physician and the lack of evidence to support the ALJ's decision. The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). The regulations require, however, that "the ALJ must 'always give good reasons'" for the particular weight given to a treating physician's evaluation." Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000).

In this case, the ALJ failed to adequately articulate those reasons. In the absence of those reasons, this court is unable to determine whether proper weight was given to the opinion. Thus, the court cannot say the decision is supported by substantial evidence on the record as a whole.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration in light of this order and to further develop the record, if appropriate. It is further

Case 2:06-cv-04023-WAK   Document 18   Filed 11/06/06   Page 3 of 4

ORDERED that claimant's request for leave to file additional citations is granted.

Dated this 6th day of November, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge